OPINION OF THE COURT
Karen K. Peters, J.
This action for modification of the custody provisions of the parties’ divorce decree was referred to the Family Court by Supreme Court on August 19, 1983.
The parties, residents of the County of Dutchess, entered into a separation agreement on May 21, 1982. That agreement provided for joint custody of the infant issue of the marriage. On May 9,1983, a Justice of the Supreme Court sitting in the County of Dutchess, granted a divorce to Marcha Murray. At that time, it appears that both parties resided in the County of Dutchess. The divorce was filed in the Dutchess County Clerk’s office on May 12, 1983. Shortly after the divorce of the parties, in June of 1983, Marcha Murray married one John P. Rod. During the summer of 1983, Ms. Murray Rod moved to the State of Arizona.
On July 7, 1983, a Justice of the Supreme Court sitting in Ulster County, a county adjoining Dutchess County but *38 in a different judicial district, signed an order requiring Marcha Murray Rod to show cause at a Special Term held in Ulster County as to why custody of all the children should not be granted to the defendant, William F. Murray, Jr. At a Special Term held in Ulster County Supreme Court on August 17,1983, by order of Justice Torraca, and upon consent of counsel to both the plaintiff and the defendant, the application to modify the custody provisions of the divorce decree was referred to the Ulster County Family Court for hearing and determination.
A conference was held with the attorneys for the parties on August 24, 1983, in Ulster County Family Court and the matter set down for a fact finding. That fact finding was never held, an adjournment having been granted at the request of the attorney for the respondent. No further proceedings occurred in the Ulster County Family Court, although correspondence was directed to Judge Hugh R. Elwyn concerning the issue of mental health evaluations. At no time has the issue of whether the Ulster County Family Court is the proper forum to hear this case been determined.[1] The children presently reside with the petitioner in Dutchess County and attend school in that county. Neither the parties nor the children have resided in this county so as to empower this court to hear this case independently of a referral from Supreme Court.
Subdivision (a) of section 467 of the Family Court Act empowers the Family Court, upon referral by Supreme Court, to determine applications to modify judgments and orders of custody. Subdivision (b) of section 469 of this act specifically provides that the Supreme Court, in referring an application to the Family Court, may designate a county within the judicial district as the county for the determination of the application. In referring this matter to Ulster County Family Court, Justice Torraca designated the County of Ulster, which lies within the judicial district in which he was sitting but not in the judicial district in which the litigation occurred or in which venue was laid.[2]
The order to show cause executed by a Justice of the Supreme Court was properly returnable in Ulster County *39 since CPLR 2212 (subd [a]) permits such motion to be brought in a county adjoining that county in which the action is triable. Counsel for the parties in the instant action would have this court conclude that since the order to show cause was properly returnable in Ulster County Supreme Court, the matter may properly be referred to Ulster County Family Court, particularly since counsel for both parties consented to such referral.
There is no provision in the Family Court Act which could be interpreted to confer jurisdiction on the court solely on the basis of stipulation of counsel. Therefore, unless this matter is properly before this court by referral from Justice Torraca, it may not be heard here.
In determining whether Ulster County Family Court is the proper forum for this matter, it is essential that this court determine the meaning of the term “judicial district” in the context of subdivision (b) of section 469 of the Family Court Act. If the term, as used in that section means the judicial district in which the motion was returnable even if it is not the judicial district in which the action is triable, this court may proceed to hear this case. Since Dutchess County is in the Ninth Judicial District while Ulster is in the Third Judicial District the order referring this matter would be improper if the term “judicial district” were found to mean the judicial district in which the case was triable in accordance with rules and practice of the Supreme Court.
A plain reading of the statute confirms, and logic dictates, that the term “judicial district” as used in subdivision (b) of section 469 of the Family Court Act was intended to refer to the judicial district in which the action was commenced since it is merely by chance that the Third Judicial District has any connection whatsoever with the litigation.
Further analysis of subdivision (b) of section 469 supports this conclusion for that section provides that if the Supreme Court, upon referral of an application such as that before this court, does not designate the county in which the application is to be heard, section 421 must be applied. Since the venue provisions of section 421 are *40 predicated upon litigants having some connection with the county which hears the application, subdivision (b) of section 469 must be interpreted in a consistent manner.
In accordance with the provisions of section 174 of the Family Court Act which require that the Family Court “shall transfer a proceeding laying venue in the wrong county to a family court in any county where the proceeding might have been originated” this matter is hereby transferred to the Dutchess County Family Court.[3]

. It should be noted that there are no reported decisions concerning the precise issue determined by this opinion.

. All papers contained a Dutchess County caption.

. While this court need not reach the issue, it is notable that there are no reported decisions concerning resolution of the apparent conflict between sections 174 and 469 of the Family Court Act.
An intensive analysis of these statutes leads this court to conclude that even if Dutchess and Ulster Counties were in the same judicial district, this court would still apply the mandatory transfer provisions of section 174 and refuse to hear the matter despite Supreme Court referral.
While section 469 seems to empower the Supreme Court to designate any county within the appropriate judicial district for the hearing of an application, section 174 of the Family Court Act is inconsistent with that interpretation of section 469. Section 174 provides for both discretionary and mandatory transfers of proceedings from the Family Court and requires a transfer if venue is improperly laid. If, in enacting subdivision (b) of section 469 the Legislature had empowered the Supreme Court to designate a county, “notwithstanding the provisions of section 174 of this act” there would be no conflict. However, as subdivision (b) of section 469 contains no language which could lead this court to believe that it should be interpreted in a manner so as to ignore the provisions of section 174 this court is constrained to interpret section 469 in a manner which would not prevent the court from complying with the mandatory transfer provisions of section 174.
Section 141 of McKinney’s Statutes provides guidance in interpreting seemingly conflicting statutes; “It is a fundamental rule of statutory interpretation that of two constructions which might be placed upon an ambiguous statute one which would cause objectionable consequences is to be avoided.” (McKinney’s Cons Laws of NY, Book 1, § 141.)
“[A]s between two constructions of an act, one of which renders it practically nugatory and the other enables the evident purposes of the Legislature to be effectuated, the latter is preferred.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 144.)
Therefore, this court concludes that the Supreme Court, in referring an application to Family Court in accordance with section 469, may designate a county within the judicial district as a county in which the application is to be determined if that designated county is one in which the matter may be heard in accordance with section 174. If, for example, in the instant action, the petitioner were a resident of Ulster County and the respondent a resident of Sullivan, a Justice of the Supreme Court, in referring the matter to Family Court, could designate either the Ulster County Family Court or the Sullivan County Family Court as the place for trial. If, however, the Justice of the Supreme Court lays venue in the wrong county, the Family Court must transfer the proceeding to an appropriate county.